Rico Isaih Hairston, et al.,                                    Case No.  3:19-cv-37

        Plaintiffs,

    v.

                                    MEMORANDUM OPINION
                                     AND ORDER

Sean Bowerman, et al.,

        Defendants.


## I.    INTRODUCTION AND BACKGROUND

On January 1, 2019, *pro se* Plaintiffs Rico Hairston and Johnnie McCall, both inmates of the

Toledo Correctional Institution ("ToCI") in Toledo, Ohio, filed a putative class action complaint,

asserting claims under 42 U.S.C. § 1983 for the alleged violation of their constitutional rights and

seeking a temporary restraining order and a preliminary injunction.  (Doc. No. 1).  I denied

Plaintiffs' request for a preliminary injunction but granted a temporary restraining order requiring

Sean Bowerman, the then-Warden at ToCI[1], to place Plaintiffs "in protective custody until their

claims [that Defendants had failed to respond to known threats to Plaintiffs' safety could] . . . be

more fully addressed."  (Doc. No. 4 at 6-7).

On January 29, 2019, I entered an order extending the temporary restraining order for good

cause for an additional fourteen days.  (Doc. No. 12).  After numerous attempts to identify an

---

[1]  Bowerman resigned his position on February 11, 2020.  Charlotte Owens was appointed as Acting
Warden on February 12, 2020, and will be substituted as a party in her <u>official capacity only</u>.  Fed. R.
Civ. P. 25(d).

attorney who could represent the Plaintiffs, counsel was appointed to represent Hairston and McCall. (Doc. No. 38).

While Plaintiffs' counsel has withdrawn two previously-pending motions, counsel for both parties agree the other pending motions may be ruled upon. (*See* Doc. No. 45). Therefore, now before me are:

- Plaintiffs' motion to dismiss Defendants Weirich, Ellis, Barker, and Wilson, (Doc. No. 14);
- McCall's motion to impose sanctions against Bowerman, (Doc. No. 31);
- Hairston's motion to impose civil contempt sanctions against Bowerman, (Doc. No. 32);
- Plaintiffs' motion to amend their motion to dismiss and for service on certain Defendants, (Doc. No. 37);
- Defendants' motion for an extension of time to respond to a motion for partial summary judgment and for a status hearing, (Doc. No. 28); and
- Defendants' motion to strike Plaintiffs' supplemental complaint. (Doc. No. 29).

## II.  ANALYSIS

### A.  Motions to Dismiss

On February 4, 2019, Plaintiffs filed a motion to dismiss Defendants Weirich, Wilson, Barker, and Ellis. (Doc. No. 14). Plaintiffs indicated they had determined Weirich "had little or no [involvement]" in the claims Plaintiffs assert and that Wilson, Barker, and Ellis could not be located. (*Id.* at 1). The motion remained pending while the Clerk of Court sought to identify an attorney who could accept pro bono representation of the Plaintiffs.

On August 23, 2019, after I granted Plaintiffs' motion for counsel but before an attorney had been identified, Plaintiffs sought to withdraw their request to dismiss Weirich, Ellis, and Wilson; Plaintiffs reiterated their desire to dismiss Barker. (Doc. No. 37). Plaintiffs also provided copies of a summons and a form USM-285 for James Ellis and Michael Wilson (Doc. No. 37-2; Doc. No. 37-3).

In light of Plaintiffs' revised request, I conclude it is proper to dismiss Defendant Barker. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). I grant Plaintiffs' revised motion to dismiss, (Doc. No. 37), and deny Plaintiffs' initial motion to dismiss, (Doc. No. 14), as moot.

Defendant Weirich already has been served. (Doc. No. 7). While staff at ToCI refused to accept service of the complaint on behalf of Ellis and Wilson, (Doc. No. 6), those defendants filed an answer to the complaint. (Doc. No. 19). In the interests of efficiency, I order the Clerk of Court to prepare waivers of service for Ellis and Wilson and to provide those waivers to counsel for Defendants to be executed and returned.

### B. Motions for Sanctions

McCall and Hairston both filed motions for sanctions and contempt findings against Bowerman, asserting he failed to comply with the temporary restraining orders requiring McCall and Hairston to be placed in protective custody. (Doc. No. 31; Doc. No. 32).

There are two types of contempt – civil and criminal. Civil contempt generally is designed "to coerce an individual to perform an act or to compensate an injured complainant." *United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991). Criminal contempt "is punitive – 'to vindicate the authority of the court.'" *Id.* (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911)).

The problem for Plaintiffs, however, is that "[a] party that seeks . . . contempt sanctions must demonstrate by clear and convincing evidence that the opposing party knowingly 'violated a definite and specific order of the court.'" *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)).

An ex parte temporary restraining order expires no more than 14 days after the date of entry, unless the order is extended for "a like period" for good cause. Fed. R. Civ. P. 65(b)(2). I entered a

temporary restraining order for a period of 14 days, (Doc. No. 4), and extended it for an additional 14-day period. (Doc. No. 12). The order extending the initial restraining order was entered on January 29, 2019, and expired on February 12, 2019.

Plaintiffs did not file their contempt motions until over five months had passed since the expiration of the temporary restraining order. (*See* Doc. No. 31; Doc. No. 32). Because there was no order in effect at the time Plaintiffs filed their motions, there was no order for Bowerman to violate. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423 (1974); *see also Local No. 8-6, Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO v. Missouri*, 361 U.S. 363, 367-68 (1960).

Therefore, I deny Plaintiffs' motions for sanctions and contempt findings.

### C. MOTION TO STRIKE

On April 3, 2019, Hairston filed a supplemental complaint, asserting claims against a new defendant, J. Fox, for violations of his constitutional rights occurring after the filing date of this litigation. (Doc. No. 22). Defendants move to strike the supplemental complaint, asserting the filing is improper because Hairston did not obtain leave and did not file the supplemental complaint within 21 days of the service of Defendants' answer, as required by Rule 15(a)(1)(B).

Rule 15(d) governs supplemental pleadings. It states that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The function of a supplemental complaint is "to bring the action 'up to date.'" *Weisbord v. Michigan State Univ.*, 495 F. Supp. 1347, 1351 (W.D. Mich. 1980).

The Federal Civil Rules embrace liberal pleading standards and, unless a proposed pleading "would result in undue prejudice to the opposing party, has been unduly delayed, has not been offered in good faith, or would be futile, leave to amend should be granted." *Id.* (citing *Foman v.*

*Davis*, 371 U.S. 178 (1962)).  Filings by *pro se* parties also are viewed liberally.  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

Conversely, motions to strike are disfavored.  *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).  A party moving to strike material contained in a pleading must show it "has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants."  2 Moore's Federal Practice § 12.37[3] (3d ed. 2017).

Defendants fail to identify any prejudice they might suffer if Hairston's supplemental complaint is not stricken.  While Hairston did not comply with Rule 15(d)'s requirement that he file a motion for leave to file a supplemental complaint, Defendants have received reasonable notice and will be provided with a reasonable period to respond.

Hairston filed a completed summons and form USM-285.  (Doc. No. 22-2; Doc. No. 22-3).  Pursuant to Rule 4(c)(3) and 28 U.S.C. § 1915(c), the United States Marshal is ordered to serve Fox with a summons and a copy of the supplemental complaint.  *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).  Defendant Fox shall file his answer to the supplemental complaint no more than 45 days after service of the summons and supplemental complaint.

### D.  MOTION FOR EXTENSION

Defendants filed a motion for an extension of time to respond to Hairston's motion for partial summary judgment and for a status conference.  (Doc. No. 28).  Hairston has withdrawn his motion for partial summary judgment, (Doc. No. 45), and a status conference already has been scheduled.  Therefore, I deny Defendants' motion as moot.

### III.  CONCLUSION

For the reasons stated above:

(1) Plaintiffs' motion to dismiss, (Doc. No. 14), and Defendants' motion for an extension of time and a status conference, (Doc. No. 28) are denied as moot;

(2) Defendants' motion to strike the supplemental complaint, (Doc. No. 29), is denied. The United States Marshal shall serve the summons, (Doc. No. 22-3), supplemental complaint, (Doc. No. 22), and a copy of this opinion on Fox. Fox shall file a responsive pleading or other motion no more than 45 days after service of the supplemental complaint.

(3) Plaintiffs' motions for sanctions and contempt, (Doc. No. 31 and Doc. No. 32), are denied;

(4) Plaintiffs' motion to dismiss Defendant Barker and to serve Defendants Ellis and Wilson, (Doc. No. 37), is granted. The Clerk of Court shall prepare waivers of service for Ellis and Wilson and provide those waivers to counsel for Defendants to be executed and returned; and

(5) The Clerk of Court is ordered to substitute Charlotte Owens as Acting Warden for Sean Bowerman in her <u>official capacity only</u>. Fed. R. Civ. P. 25(d). Bowerman remains a defendant in his individual capacity.


So Ordered.

s/ Jeffrey J. Helmick
United States District Judge