UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rico Isaih Hairston, *et al.*,

    Plaintiff,

v.

Sean Bowerman, *et al.*,

    Defendants.

Case No. 3:19-cv-37

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION

On January 1, 2019, *pro se* Plaintiffs Rico Hairston and Johnnie McCall, both inmates of the Toledo Correctional Institution ("ToCI") in Toledo, Ohio, filed a putative class action complaint, asserting claims under 42 U.S.C. § 1983 for the alleged violation of their constitutional rights. (Doc. No. 1). Hairston later filed a document he referred to a supplement to his complaint, asserting a § 1983 claim against Defendant J. Fox for First Amendment retaliation based upon Fox's alleged actions after Hairston filed this litigation against the other Defendants. (Doc. No. 22). McCall reached a settlement agreement as to each of his claims and those claims were dismissed with prejudice. (Doc. No. 88).

Defendants Sean Bowerman, Jason Bennett, Joshua Gajewski, and Fox filed a motion for judgment on the pleadings. (Doc. No. 82). Hairston filed a brief in opposition to that motion. (Doc. No. 83). Hairston subsequently dismissed his claims against all Defendants except for his First Amendment retaliation claim against Fox. (Doc. Nos. 90 and 91). For the reasons stated below, I grant Fox's motion and dismiss Hairston's remaining claim.

## II. BACKGROUND

Hairston alleges that, on March 16, 2019, he was verbally harassed by Fox, an officer at ToCI, and an inmate named Jones while he was waiting to be transported for a visit with his attorney. (Doc. No. 22 at 2). Hairston claims Fox and Jones were harassing him because of the crime for which Hairston was convicted. Hairston alleges that, after this incident and his visit with his attorney, he returned to his cell to find his cell had been searched. (*Id.* at 3). He claims his property was damaged and his legal papers torn up, and that his headphones, medications, books, and hygiene items were removed from his cell. (*Id.*). Hairston "believe[s this] was a target from inmate Jones' harassment towards me, by Defendant J. Fox." (*Id.*).

Hairston also alleges that, after the incident with Fox and Jones, Fox also wrote two conduct reports against Hairston. (*Id.* at 3-4). Hairston alleges both conduct reports were fabrications and that he did not engage in any of the conduct included in those reports. (*Id.*). He asserts Fox both searched his cell and wrote the conduct reports in retaliation for Hairston's exercise of his First Amendment rights by filing a lawsuit against the other Defendants. (*Id.* at 4).

## III. ANALYSIS

Motions for judgment on the pleadings filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The pleadings must demonstrate sufficient factual matter that, when taken as true, states a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555. The moving party must show there is no material issue of fact and that the movant

2

is entitled to judgment as a matter of law. *Paskavan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991).

A First Amendment retaliation claim "essentially entails three elements:

(1) the plaintiff engaged in protected conduct;

(2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and

(3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Fox is entitled to judgment on the pleadings because Hairston fails to plausibly allege there is a causal connection between his protected conduct in filing this lawsuit and the alleged adverse actions taken against him.[1] "Under the causation element of a prisoner's prima facie case for retaliation, the subjective motivation of the decisionmaker is at issue – that is, the plaintiff must show that the decision was motivated, at least in part, by the plaintiff's protected activity." *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001) (citing *Thaddeus-X*, 175 F.3d at 399). Hairston has not alleged Fox in fact knew of the lawsuit before the alleged adverse actions. Without this knowledge, it is implausible that Fox could have been motivated in any way by that conduct.

Further, even if I assume Fox had knowledge of the lawsuit, Hairston's allegations do not establish a causal connection. Hairston alleges Fox took adverse actions against him "because of my lawsuit against several of his co-workers." (Doc. No. 22 at 4); (*see also id.*)(alleging Fox "[wrote] false conduct reports because of my lawsuit"). But this is an unsupported conclusion, and it is well-established that "conclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir.

---

[1] While Fox disputes that a cell search or false conduct reports constitute adverse actions, (Doc. No. 82 at 10-12), I will assume those allegations are sufficient for the purpose of ruling on the motion for judgment on the pleadings only.

3

2005) (quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1538-39 (6th Cir. 1987)). Hairston has not pled any facts which suggest Fox was motivated by Hairston's protected conduct. To the contrary, Hairston's only factual allegation which suggests a motive for Fox's behavior is that Fox searched Hairston's cell as "a target from Inmate Jones' harassment toward me." (Doc. No. 22 at 3).

The only apparent connection between Hairston's protected conduct and the alleged adverse actions is temporal proximity – just under three months passed between Hairston's filing of his complaint on January 9, 2019, and the cell search on March 16, 2019. The Sixth Circuit "has concluded that[, while] evidence of temporal proximity between filing grievances and the adverse action provides some support for establishing retaliatory motive, it has been reluctant to find that such evidence alone establishes retaliatory motive." *Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010) (citation omitted).

Instead, the Sixth Circuit has repeatedly upheld district court dismissals of prisoner retaliation claims based only on temporal proximity. *See, e.g., Coleman v. Bowerman*, 474 F. App'x 435, 438 (6th Cir. 2012) (holding "temporal proximity alone is insufficient to show a causal connection in this case because Coleman has presented no other proof of retaliatory motive"); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) ("Without more, however, [plaintiff's] conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive."); *Smith v. Koben*, No. 20-1357, 2020 WL 9423904, at *2 (6th Cir. Dec. 28, 2020) (affirming district court dismissal of retaliation claim where plaintiff's allegations "were 'wholly conclusory' and based on nothing more than temporal proximity").

Like the plaintiff in *Skinner*, Hairston has offered only conclusory allegations of a retaliatory motive, and temporal proximity alone is insufficient to establish the required causal connection between his protected conduct and the alleged adverse actions. Therefore, I conclude he fails to state a plausible claim for relief and grant Fox's motion for judgment on the pleadings.

## IV. Conclusion

For the reasons stated above, I grant Defendant Fox's motion for judgment on the pleadings. (Doc. No. 82).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
